UNITED STATES DISTRICT COURT                    JS-6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-10589 FMO (PDx)** | Date | **June 22, 2026** |
|---|---|---|---|
| Title | **Evelyn Hawkins-Lopez v. General Motors, LLC** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**       **(In Chambers) Order Remanding Action**

On February 3, 2025, Evelyn Hawkins-Lopez ("plaintiff") filed a complaint in the Los Angeles County Superior Court ("state court") against General Motors, LLC ("defendant"), and on April 1, 2025, filed a First Amended Complaint ("FAC"), asserting warranty claims pursuant to the California Song-Beverly Consumer Warranty Act, ("Song-Beverly Act"), Cal. Civ. Code §§ 1790, et seq.; and the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, et seq.  (Dkt. 1-1, FAC at ¶¶ 8-44).  Plaintiff also asserted clams under the Uniform Commercial Code and the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq.  (See id. at ¶¶ 45-71).  On May 27, 2025, plaintiff dismissed several claims, leaving only the claims based on the MMWA and the Uniform Commercial Code.  (See Dkt. 1, Notice of Removal ("NOR") at 2); (Dkt. 1-2, Request for Dismissal).  Plaintiff's claims arise from her purchase of a 2015 Chevrolet Volt in September 2019, (see Dkt. 1-1, FAC at ¶¶ 6, 9), which she alleges "manifested defects" including, but not limited to, "window and electrical" defects.  (See id. at ¶ 12).  The FAC seeks, among other things:  (1) damages; (2) restitution; (3) "remedies authorized by California Commercial Code [§§] 2711, 2712, and/or 2713;" and (4) attorney's fees.  (See id. at Prayer).

On June 20, 2025, defendant filed its Answer in state court, (see Dkt. 1, NOR at 2), and, over four months later, on November 4, 2025, it removed the action on the basis of diversity and federal question jurisdiction.  (See id. at 2-5).  Defendant alleges that removal is timely because the Complaint is "ambiguous as to the amount in controversy and Plaintiff's state of citizenship[,]" (id. at 2), and represents that, "[i]n the last 30 days, [it], through counsel, conducted a preliminary investigation and determined that Plaintiff's citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiff's allegations plausibly give rise to subject matter jurisdiction."  (Id.).

Having reviewed the pleadings and the briefing filed with respect to plaintiff's Motion to Remand (Dkt. 14, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; L. R. 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-10589 FMO (PDx)** | Date | **June 22, 2026** |
|---|---|---|---|
| Title | **Evelyn Hawkins-Lopez v. General Motors, LLC** | | |

**DISCUSSION**

Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569-70 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Here, defendant removed the action based on both diversity and federal-question jurisdiction, (see Dkt. 1, NOR at 3), and contends that it has satisfied the amount in controversy requirement under 28 U.S.C. § 1331 and the MMWA. (See id. at 4-5). Defendant merely set forth the estimated purchase price of the subject vehicle of $28,921.89 and claims that its "preliminary investigation yielded an amount in controversy in excess of both the $50,000.00 and $75,000.00 thresholds[,]" when accounting for, among other things, attorney's fees. (See id.). Defendant, however, did not indicate how it arrived at the amount in controversy, including what amount was attributed to attorney's fees. (See, generally, Dkt. 1, NOR at 4-5). Further, in its opposition to the instant Motion, defendant changes its jurisdictional estimate without explaining why, (see, generally, Dkt. 17, Defendant['s] Opposition to Motion for Remand ("Opp.") at 16), and states that,

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-10589 FMO (PDx)** | Date | **June 22, 2026** |
|---|---|---|---|
| Title | **Evelyn Hawkins-Lopez v. General Motors, LLC** | | |

based on "$4,000[] tied to the alleged defect[,]" it "estimates that there is at least $32,921.89 in controversy[.]" (See id.). It contends that when $33,300 in fees and $9,500 in costs are added, the amount in controversy exceeds $50,000. (See id. at 17). However, the fees and costs relied upon by defendant, (see Dkt. 17-1, Declaration of Nykeemah C. McClendon at ¶¶ 7-8), are too speculative to be included in the amount in controversy. (See, generally, id.); see Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 795 (9th Cir. 2018) (observing that "district courts are well equipped to determine whether defendants have carried their burden of proving future attorneys' fees, and to determine when a fee estimate is too speculative"); id. ("[W]e require a removing defendant to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence. We also require the defendant to make this showing with summary-judgment-type evidence. . . . A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof.") (internal citation omitted); see, e.g., Steeg v. Ford Motor Co., 2020 WL 2121508, *5 (N.D. Cal. 2020) (excluding asserted attorney's fees in amount in controversy determination where defendant "failed to substantiate any specific amount in potential attorney's fees by a preponderance of the evidence").

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.[2] See Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnote omitted); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it was not facially evident from the complaint that more than $75,000 was in controversy, [defendant] should have proven, by a preponderance of the evidence, that the amount in controversy met the jurisdictional threshold.") (cleaned up).

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion to Remand **(Document No. 14)** is **granted**.

2. The above-referenced action shall be **remanded** to the Superior Court of the State of California, County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

3. The Clerk shall send a certified copy of this Order to the state court.

---

[2] Because the court concludes that it does not have subject matter jurisdiction, it need not decide whether defendant's removal was timely.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-10589 FMO (PDx)** | Date | **June 22, 2026** |
|---|---|---|---|
| Title | **Evelyn Hawkins-Lopez v. General Motors, LLC** | | |

00 : 00

Initials of Preparer                vdr